127 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Andrew GARRETT, aka Thomas Andrew Read, Defendant-Appellant.
 No. 95-36116.
 United States Court of Appeals, Ninth Circuit.
 Submitted October 6, 1997**
Oct. 17, 1997.
 
 Appeal from the United States District Court for the Western District of Washington, D.C. No. CV-94-01567-BJR, D.C. No. CR-90-00054-BJR; Barbara J. Rothstein, District Judge, Presiding.
 Before: WRIGHT, FERGUSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The Victim and Witness Protection Act authorizes the imposition of restitution upon defendants convicted of an offense under Title 18. 18 U.S.C. § 3663 (1994). The district court record must indicate that the court considered defendant's future ability to pay. United States v. Bachsian, 4 F.3d 796, 800 (9th Cir.1993). A defendant's indigence at the time of sentencing does not preclude a restitution order. United States v. Smith, 944 F.2d 618, 623 (9th Cir.1991). Because the court considered the sentencing report which made explicit reference to defendant's financial condition and future ability to pay, it fulfilled its responsibilities under 18 U.S.C. § 3664(a). The court's imposition of restitution is affirmed.
 
 
 3
 The sentencing court has discretion to order restitution while a defendant is still incarcerated. United States v. Angelica, 859 F.2d 1390, 1393 (9th Cir.1988). The court may delegate to the Probation Office the task of determining the method of payment of restitution. United States v. Signori, 844 F.2d 635, 641-42 (9th Cir.1988). Therefore, the order of restitution is proper while defendant is incarcerated and may be supervised by the Probation Office.
 
 
 4
 The U.S. Sentencing Guidelines Manual defines a dangerous weapon as "an instrument capable of inflicting death or serious bodily injury. Where an object that appeared to be a dangerous weapon was brandished, displayed, or possessed, treat the object as a dangerous weapon." U.S.S.G. Manual § 1B1.1, comment. (n. 1(d)) (1995) (emphasis added). Enhancement of defendant's sentence by three points for his brandishment of a toy pistol was proper.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3